IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON GRISWOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:20-cv-2227 ) |
| DREXEL UNIVERSITY, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiff Sharon Griswold ("Dr. Griswold" or "Plaintiff"), brings this civil action against Defendant Drexel University ("Drexel" or "Defendant") for actual and statutory damages, attorneys' fees, declaratory relief and injunctive relief for various violations of the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. ("Copyright Act"). For its Complaint, Dr. Griswold, by and through her undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. Dr. Griswold brings this action seeking injunctive and monetary relief against Drexel for the unlawful past, present and anticipated future use of highly specialized healthcare education courses designed and owned by Dr. Griswold. As set forth below, Drexel's use of these courses exceeds any license granted by Dr. Griswold to Drexel and constitutes willful infringement of Dr. Griswold's copyright in these courses, in violation of the Copyright Act.

2. Dr. Griswold is an internationally known, award winning emergency medicine physician and a national leader in academic medicine and interprofessional healthcare education. She is the founder and was the Director of the Master of Science in Medical and Health Simulation Program ("MSMS Program") at Drexel, a truly revolutionary way of educating professionals in medicine and

other healthcare fields. As part of the MSMS Program, Dr. Griswold recruited a world-class faculty and worked with them over seven (7) years to develop cutting edge classes in medical and health simulation education.

3. Dr. Griswold solely owns the copyright interest in a number of the classes offered in the MSMS Program, all of which, upon information and belief, Drexel is continuing to offer to students and its faculty is continuing to teach (at Drexel's instruction), without authorization by Dr. Griswold. Drexel elected to place Dr. Griswold on Administrative Leave in the Fall of 2019 and did not renew her contract in January 2020. Notwithstanding Drexel's unilateral actions (the propriety of which are in dispute), Drexel has used and is continuing to use Dr. Griswold's courses without her permission or involvement, thereby infringing her valid copyrights in the classes. This suit thus seeks redress for this blatant, willful, and continuing infringement of Dr. Griswold's copyrights.

## THE PARTIES

4. Plaintiff Sharon Griswold, MD, MPH, is individual with an address of 1170 Pinetown Road, Fort Washington, PA 19034.

5. Upon information and belief, Defendant Drexel University is a Pennsylvania private, non-profit institution of higher education with a place of business at 3141 Chestnut Street, Philadelphia, PA 19104.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is an action arising under, *inter alia,* the Copyright Act.

7. This Court has personal jurisdiction over Drexel because Drexel is a citizen of Pennsylvania and the acts complained of in this complaint were committed by Drexel against, and the resulting injury felt by, Dr. Griswold, another citizen of Pennsylvania.

8. Venue as to Drexel is proper in this District pursuant to 28 U.S.C. §§ 1391 because Drexel is a resident of Pennsylvania and is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to the claims at issue occurred in this District.

## FACTUAL BACKGROUND

## DR. GRISWOLD AND CREATION OF THE MSMS PROGRAM

9. Dr. Griswold is a nationally known, award winning emergency medicine physician with over two decades of clinical experience and a national leader in academic medicine and medical education. She was the first woman to attain the rank of Full Professor of Emergency Medicine at Drexel (and its predecessors MCP and Hahnemann) and she had a secondary appointment as Professor of Anesthesia and Perioperative Care at Drexel. Dr. Griswold received her Bachelor of Science in Biology from the University of Delaware in 1989 and her Doctor of Medicine Degree from Jefferson Medical College in 1993. She completed her residency in Emergency Medicine at Thomas Jefferson University Hospital in 1996. Dr. Griswold also received a Masters of Public Health and Graduate Certificate in Health Management and Finance from The Johns Hopkins Bloomberg School of Public Health in 2010.

10. Prior to joining Drexel, Dr. Griswold was employed by the Thomas Jefferson University Hospital, where she served as the Emergency Medicine Student Clerkship Director in 1997-2000 and then as the Emergency Medicine Residency Program Director in 2000-2006.

11. In 2007, Dr. Griswold became affiliated with what the Drexel University College of Medicine, serving in a number of positions in addition to her faculty appointments, noted above, including as the Simulation Center Director and Director of Division of Simulation for the Department of Emergency Medicine at Drexel from 2007-2019 and the Associate Dean for Graduate

Medical Education at Drexel from 2016-2019. The Drexel University College of Medicine merged into Drexel University in 2014.

12. Most relevant here, Dr. Griswold is the Founder and was the Director of the MSMS Program, an innovative and interprofessional degree-granting and tuition-yielding education program that draws students from a number of disciplines including physicians, physician assistants, and paramedics, nursing, pharmacy, and veterinary medicine. The MSMS Program was approved by the Drexel Faculty Senate on August 8, 2013 and launched August 2014. The program has graduated four interprofessional cohorts to date and students are admitted on a rolling basis.

13. Dr. Griswold led all phases of development of the MSMS Program, starting in 2012, from initiation of a white paper proposal, submission and approval via the faculty senate, curriculum development, student admissions, the recruitment, administration and management of the faculty, and administration and management of the program budget. Dr. Griswold was closely involved in the development, creation and authorship of each course offered as part of the MSMS Program.

14. The MSMS Program is an experiential learning program that offers advanced training in healthcare simulation education and research. The faculty that Dr. Griswold recruited includes over a dozen international experts in the field of healthcare simulation education. Students can earn either a masters degree or a certificate through the program. The curriculum includes a variety of required and elective courses, which are offered predominately online.

15. The required courses include:

- Simulation Laboratory Practicum I *, II, and III (4 credits each) ("Practicum Courses")
- Simulation Curriculum Design (3 credits)*
- Biostatistics and Health Care Literature (3 credits)
- Principles of Assessment: Measurement Theory,
- Assessment Principles and Tools (3 credits)
- Debriefing in Simulation (3 credits)*
- Capstone (3 credits) = Design (1 credit) + Implementation (2 credits)

4

All courses identified here are required for the Masters degree and those denoted with an asterisk (*) are required for the Certificate.

16. The MSMS derived elective courses include:

- Simulation Modalities
- Inter-professional Education
- Patient Safety and Simulation
- Simulation Administration
- Adult Learning in Health Care
- Standardized Patient Simulation
- Independent Study

Students can select from these electives to reach the required number of credits for the degree in question (39 for the Masters and 19 for the Certificate).

17. The MSMS Program is evidence based and leverages research demonstrating how practice improves patient outcomes. The MSMS Program offers advanced training to healthcare professionals to prepare them to teach others how to care for patients in simulation practice environments rather than practicing on patients. In short, healthcare simulation education provides the opportunity for students to practice outside of patient care to improve the quality, safety, effectiveness, and efficiency of healthcare services.

18. When launched, the MSMS Program provided the students, all individuals who had prior training and/or experience in healthcare, a much broader foundation in simulation-based medical education than existed at that time in one resource anywhere else locally, nationally or globally. The program has augmented and propelled Drexel's reputation in healthcare simulation and has led to promotions and advancement of its graduates. The MSMS Program is on the cutting edge in healthcare simulation education and today is one of only four programs of its kind internationally. The program was internationally recognized as the best program among its competitors. As a result

of her efforts, Dr. Griswold, the visionary behind the MSMS program, has augmented and propelled her reputation as a world leader in healthcare simulation education.

## DEVELOPMENT OF COURSES IN THE MSMS PROGRAM

19. In addition to developing the overall curriculum for the MSMS Program, Dr. Griswold personally developed or participated heavily in the development of all of the courses offered in the curriculum ("MSMS Courses"). The MSMS Courses were all developed and refined since inception. Dr. Griswold personally developed and participated in teaching every class each term from the beginning of the MSMS Program until the Fall of 2019. In the Fall of 2019, Dr. Griswold stepped away from personally teaching in each of the classes to focus on the development of future courses and future enrollment. She remained heavily involved in oversight and planned future revision and improvement of all classes. On October 29, 2019, Drexel unilaterally elected to place Dr. Griswold on Administrative Leave and to not renew her contract in January 2020. Thus, Dr. Griswold has been removed from the MSMS Program since October 29, 2019.

20. To the extent that the courses are offered online, the MSMS Courses use a number of modalities including (a) lectures offered as asynchronous interactive presentations, (b) synchronous live online video conferencing sessions; (c) discussion boards, emails and blogs; and (d) assignments. In addition to the online components, each of the three Practicum Courses also includes a week long session that is conducted in-person and offers, among other things, an intensive immersion experience that includes experiential learning and the application and implementation of materials learned from asynchronous content. There is intensive interaction with faculty and other students. Each practicum course is taken in sequence and builds upon the foundation of learning accumulated throughout matriculation in the program. The MSMS Capstone projects and independent study courses are highly specialized to provide individualized, one on one faculty

6

guidance to learners as they derive, plan, and implement their own research or educational curriculum development.

21. In this case, at least three (3) of the MSMS Courses that were developed and authored, at least in part, by Dr. Griswold, and as to which Dr. Griswold now owns 100% of the copyright interests in these works, are at issue. These include: Master of Science of Medical and Healthcare Simulation Administration Course ("Administration Course"); Master of Science of Medical and Healthcare Simulation Standardized Patient Course ("Standardized Patient Course"); and Master of Science of Medical and Healthcare Simulation Assessment Course ("Assessment Course"). These courses will be referred to herein collectively as "Dr. Griswold's Registered Courses" or the "Registered Courses."

22. Under Drexel's Copyright Policy ("Copyright Policy") in effect from, upon information and belief, at least the commencement of the MSMS Program until at least November, 2018, all faculty members, including Dr. Griswold, owned the copyrights to any coursework, including lectures and other materials, that they created:

> 1. All works that have traditionally belonged to the faculty such as books, articles, artistic works, lectures and performances will continue to belong to the faculty and Drexel makes no claim to them.

(A copy of the Copyright Policy is attached hereto as Exhibit A.)

23. Similarly, under Drexel's current Intellectual Property Policy ("IP Policy") in effect as of November 2018, all faculty members, including Dr. Griswold, own the copyrights to any coursework, including lectures and other materials, that they create. Section 3 of the IP Policy provides:

> 3.<u>Ownership of Works</u>. The University acknowledges that copyrightable works of Personnel and Students that are typically submitted and accepted for scholarly publication, such as a thesis, journal article or text book, or are traditionally owned by Personnel and Students, such as paintings, musical compositions, video and film

7

productions, and online or face-to-face instructional or Course Materials (each, a "Scholarly Work"), will be owned by the Creator . . .

(A copy of the IP Policy is attached hereto at Exhibit B.)

24. Although an instructional designer was also involved in the creation of the video presentations of the courses in the MSMS Program, under the IP Policy, any possible copyright owned by such designer in the coursework was assigned to the faculty member(s) who authored the work. As stated in Section 4 (3rd text paragraph after "h"), Drexel "hereby assigns any such copyright interest in materials created by a course or instructional designer . . . to the relevant faculty member," except in the case of certain situations not at issue here.

25. The authors of the Administration Course include Dr. Griswold and Paul Pribaz. Mr. Pribaz assigned his copyright in this course to Dr. Griswold. On December 23, 2019, the U.S. Copyright Office issued a Certificate of Registration to Dr. Griswold of the copyright for this class, Registration Number PAu 4-000-834. Attached as Exhibit C is a true and correct copy of the Certificate of Registration for the Administration Course.

26. The authors of the Standardized Patient Course include Dr. Griswold and Anthony Errichetti. Mr. Errichetti assigned his copyrights in this course to Dr. Griswold. On April 27, 2020, the U.S. Copyright Office issued a Certificate of Registration to Dr. Griswold of the copyright for this class, Registration Number PAu4-019-116. Attached as Exhibit D is a true and correct copy of the unofficial certificate of registration preview, along with the forwarding email from the Copyright Office.[1]

---

[1] As noted in the accompanying email from the Copyright Office, due to COVID-19, the official Certificate of Registration cannot be issued at this time. When it is received, a copy will be provided in due course for both this copyright registration and that identified in paragraph 27.

27. The authors of Assessment Course include Dr. Griswold, John Boulet, and Jessica Hernandez. Mr. Boulet and Ms. Hernandez assigned their copyrights in this course to Dr. Griswold. On April 28, 2020, the U.S. Copyright Office issued a Certificate of Registration to Dr. Griswold of the copyright for this class, Registration Number PAu4-019-350. Attached as Exhibit E is a true and correct copy of the unofficial certificate of registration preview, along with the forwarding email from the Copyright Office.[2]

28. In sum, Dr. Griswold's Registered Courses are wholly original, and Dr. Griswold is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Registered Courses.

### DR. GRISWOLD'S SEPARATION FROM DREXEL AND DREXEL'S INFRINGING USE OF DR. GRISWOLD'S REGISTERED COURSES

29. As noted, in the Fall of 2019, Drexel unilaterally (and improperly) placed Dr. Griswold on Administrative Leave and relived her of her duties, including with respect to the MSMS Program; however, Dr. Griswold continued to be employed by Drexel through the end of her contract in January, 2020. Drexel continued to offer, and other faculty continued to teach the fall courses offered in the MSMS Program, including courses authored and owned in whole or in part by Dr. Griswold, without permission or authorization by Dr. Griswold.

30. At no time between placing Dr. Griswold on Academic Leave on October 29, 2019 and early January 2020, did Drexel communicate with Dr. Griswold (directly or through a representative), as to her employment status and whether Drexel intended to continue to offer courses authored and owned by Dr. Griswold in the new term beginning in January.

---

[2] After the Registration Certificate issued, Dr. Griswold realized that one of the authors, Hernandez, had inadvertently been omitted as an author. Accordingly, on May 8, 2020, counsel for Dr. Griswold filed an application for Supplementary Registration to add Hernandez as an author. (A true and correct copy of the application for Supplementary Registration is attached hereto as Exhibit F.)

31. Accordingly, on January 3, 2020, copyright counsel for Dr. Griswold sent a cease and desist letter to Drexel ("January 3, 2020 Letter") objecting to Drexel's continued use of several the courses in the coming semester, scheduled to commence on or about January 6, 2020, including the Administration Course, without an agreement being reached as to Dr. Griswold's continued involvement in the teaching of these classes.

32. In the January 3, 2020 letter, counsel for Dr. Griswold also specifically advised Drexel that Dr. Griswold owned and had obtained assignments of the copyrights from other faculty and registered the copyright in, *inter alia*, the Administration Course. Counsel further advised that Drexel's use of the course or other courses owned by Dr. Griswold, or its creation of any derivative works based on these courses, was not authorized and specifically put Drexel on notice that any such use of the works would constitute copyright infringement.

33. On January 13, 2020 copyright counsel for Dr. Griswold spoke with in house counsel for Drexel who asserted that there was no copyright infringement because of at least the following purported reasons: (1) Drexel was continuing to use Dr. Griswold's courses under the "exigent circumstances" provision of the IP Policy, asserting Dr. Griswold's alleged "last minute unavailability to teach"; (2) Drexel had complied with that provision because they had removed any recordings of Dr. Griswold from the courses; and (3) that all the materials used in the Administration course were created by Mr. Pribaz.

34. In Section 4 of the IP Policy, Drexel reserved certain rights to itself in coursework, including in "exigent circumstances," the provision apparently being relied upon by Drexel here. Specifically, Section 4 provides:

> In the case of Scholarly Works that constitute online or face-to-face instructional or Course Materials, the University hereby reserves a royalty-free, non-exclusive license to practice and use all such materials, consistent with the University's research and educational mission, in instances where such material:

10

> . . .
> 3. is intended to maintain instructional continuity *in special, exigent circumstances (such as a medical emergency, personal emergency, or last minute unavailability to teach)* **with the non-exclusive license limited to the duration of the exigent circumstance and not beyond.**

(*See* Exhibit B (emphasis added).)

35. As Dr. Griswold's copyright counsel advised Drexel both in the call with in house counsel on January 13, 2020 and in follow up correspondence on January 31, 2020, the "exigent circumstances" exception is entirely inapplicable here because (1) Dr. Griswold was not *unavailable* to teach (rather it was Drexel's unilateral decision, two months earlier, to prevent her from teaching); and (2) in any event, even if the license might have applied, for example, to the Fall 2019 courses (which is not conceded), the "duration of the exigent circumstances" had passed certainly by January 2020. In fact, Dr. Griswold *was* available to teach and/or a wide array of other non-infringing alternatives could have been implemented (by way of example only, such as reinstating Dr. Griswold, obtaining a license from her, assisting relocation of the MSMS program to another institution under the direction of Dr. Griswold, not teaching the courses, etc.).

36. Similarly, as also explained by Dr. Griswold's copyright counsel both on the phone with Drexel's in house counsel and in follow up correspondence on January 10, 2020 and January 31, 2020, removal of Dr. Griswold's recordings from the courses does not alleviate the copyright infringement as it (1) creates an infringing derivative work; and (2) is itself still infringing because Dr. Griswold's copyright ownership extends to the entirety of the courses in question, not just her own recordings, because, *inter alia*, the other author(s) assigned their copyrights in the courses to Dr. Griswold.

37. Similarly, even if it were true (which it is not) that Mr. Pribaz were the sole author of the Administration Course, it is still an infringement for Drexel to offer that course as Dr. Griswold

owns the copyright in the course, because, as counsel for Dr. Griswold advised Drexel's counsel on both the phone call and in subsequent correspondence, *inter alia,* Mr. Pribaz assigned his copyright interests in the courses to Dr. Griswold.

38. Although Drexel's in house counsel advised Dr. Griswold's counsel in their call on January 13, 2020, that he would follow up, there have been no further communications from Drexel with respect to this matter.

39. In light of Drexel's silence and inaction in this matter, on January 24, 2020, Dr. Griswold expressly advised the instructor of the Administration Course, Mr. Pribaz, and other MSMS instructors, that she did not authorize Drexel or anyone else use her courses or any derivative works created from those courses in the MSMS Program. She further advised the instructors that they must "cease and desist any use of the works immediately, as the use of those works constitutes a willful infringement of copyright."

40. Upon information and belief, Drexel has advised the instructors in the MSMS Program that Drexel would indemnify them for any claims of copyright infringement brought by Dr. Griswold. Upon information and belief, Drexel has also encouraged the instructors, who are, upon information and belief, either employees and/or contractors of Drexel, to continue to teach Dr. Griswold's Registered Courses even though such use is not authorized and the instructors were specifically advised by Dr. Griswold that such actions would be an infringement of her copyrights.

41. Upon information and belief, two additional courses owned by Dr. Griswold – the Standardized Patient Course and the Assessment Course – are being offered by Drexel and taught by Drexel instructors as part of the MSMS Program during the term commencing on or about May 11, 2020. Dr. Griswold has not authorized Drexel or anyone else to use these courses and Dr. Griswold is not being compensated by Drexel or anyone else for these infringing uses.

42. Upon information and belief, unless stopped by this Court, Drexel will continue to offer in the future Dr. Griswold's Registered Courses and other courses authored and/or owned in whole or in part by Dr. Griswold as part of the MSMS Program, without her authorization, without compensating her for these uses, and in violation of Dr. Griswold's copyrights in these courses.

43. On information and belief, Drexel's past and continued use and exploitation of Dr. Griswold's Registered Courses is willful and in disregard of, and with indifference to, Dr. Griswold's rights. On further information and belief, Drexel's intentional, willful, and infringing conduct was undertaken to reap the creative benefit and value associated with Dr. Griswold's Registered Courses. By failing to obtain Dr. Griswold's authorization to use the Registered Courses or to compensate her for their use, Drexel has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Registered Courses, as well as the restrictions that Dr. Griswold is entitled to and would place on any such exploitation as conditions for her permission, including the right to deny permission altogether.

44. In this regard, the Registered Courses and the rest of the MSMS Program curriculum are a body of academic work closely identified with Dr. Griswold. Students specifically seek out and select the MSMS Program because of Dr. Griswold and the high quality of the program that she created and managed. Accordingly, Dr. Griswold likely will seek to use this curriculum, including the Registered Courses exclusively in the course of her current or future employment. Drexel's continued use of the Registered Courses without her permission infringes upon her exclusive rights.

45. Further, to the extent that Drexel is creating unauthorized derivative works from Dr. Griswold's Registered Courses, they are tampering with the carefully designed coursework created by Dr. Griswold and her team. To the extent that these courses are derived from the Registered Courses and associated with the MSMS Program, but the quality of such derivative works are not

controlled by Dr. Griswold, this further infringes upon Dr. Griswold's rights, and potentially adversely impacts her reputation in the academic community, by having inferior works associated with or on some level being passed off as hers or up to her standards.

46. As a result of Drexel's actions described above, Dr. Griswold has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, public display, and sale (in terms of receiving tuition payments from students who are taking these classes for academic credit) of the Registered Courses or derivative works based thereon. Drexel has never accounted to or otherwise paid Dr. Griswold for its unauthorized use of the Registered Courses.

47. Drexel's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Dr. Griswold for which she has no adequate remedy at law.

## COUNT I – FEDERAL COPYRIGHT INFRINGEMENT
*Under 17 U.S.C. § 501*

48. Dr. Griswold repeats and realleges the allegations of paragraphs 1 through 47 as if fully set forth herein.

49. Dr. Griswold's Registered Courses are original online course materials containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Dr. Griswold is the exclusive owner of rights under copyright in and to the Registered Courses. Dr. Griswold owns valid copyright registrations for each of the Registered Courses, attached evidenced by Exhibits C, D and E.

50. Through Drexel's conduct alleged herein, including Drexel's reproduction, public display, and sale (as described above) of the Registered Courses without Dr. Griswold permission, as well as the unauthorized creations of derivative works from those courses, including, but not limited to encouraging and assisting its instructors in using the infringing course material and/or creating derivative works therefrom, Drexel has directly, indirectly,

contributorily and/or vicariously infringed Dr. Griswold exclusive rights in the Registered Courses in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

51. On information and belief, Drexel's infringing conduct alleged herein was and continues to be intentional, willful and with full knowledge of Dr. Griswold's rights in the Registered Courses and has enabled Drexel illegally to obtain profit therefrom.

52. As a direct and proximate result of Drexel's infringing conduct alleged herein, Dr. Griswold has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Dr. Griswold is also entitled to recovery of Drexel's profits attributable to its infringing conduct alleged herein, including, but not limited to, profits from any and all proceeds including tuition derived from offering Dr. Griswold's Registered Courses to students, and an accounting of and a constructive trust with respect to such profits.

53. Alternatively, Dr. Griswold is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Drexel's willful infringing conduct for each of Dr. Griswold's Registered Courses that Drexel has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

54. Dr. Griswold is further is entitled to her attorneys' fees and costs pursuant to 17 U.S.C. § 505.

55. As a direct and proximate result of Drexel's infringing conduct alleged herein, Dr. Griswold has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Drexel's infringing conduct is enjoined by this Court, Drexel will continue to infringe Dr. Griswold's Registered Courses. Dr. Griswold therefore is entitled to permanent injunctive relief restraining and enjoining Drexel's ongoing infringing conduct.

## JURY DEMAND

Dr. Griswold hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Griswold respectfully requests that this Court enter judgment against Drexel as follows:

A. That Drexel has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

B. Granting an injunction permanently enjoining the Drexel, its employees, contractors, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   1. distributing, marketing, advertising, promoting, displaying, performing, or selling or otherwise derive financial benefit from or authorizing any third party to distribute, market, advertise, promote, display, perform, or sell or otherwise derive financial benefit from Dr. Griswold's Registered Courses and any works or other materials, including courses, that include, copy, are derived from, or otherwise embody the Registered Courses and any other courses in which Dr. Griswold owns the copyright, in whole or in part; and

   2. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (1).

C. That Drexel be ordered to provide an accounting of Drexel's profits attributable to Drexel's infringing conduct, including Drexel's profits from sales, tuition derived from, and any other exploitation of Dr. Griswold's Registered Courses, and any works or

other materials, including courses, that include, copy, are derived from, or otherwise embody the Registered Courses and any other courses in which Dr. Griswold owns the copyright, in whole or in part.

D. That Drexel be ordered to destroy or deliver up for destruction all materials in Drexel's possession, custody, or control used by Drexel in connection with Drexel's infringing conduct, including without limitation all remaining copies of Dr. Griswold's Registered Courses and any works or other materials, including courses, that embody any reproduction or other copy or colorable imitation of the Registered Courses and any other courses in which Dr. Griswold owns the copyright, in whole or in part.

E. That Drexel, at its own expense, be ordered to recall Dr. Griswold's Registers Courses from any vendors or others that have distributed the Registered Courses on Drexel's behalf, and any works or other materials, including courses, that include, copy, are derived from, or otherwise embody the Registered Courses and any other courses in which Dr. Griswold owns the copyright, in whole or in part, and that Drexel be ordered to destroy or deliver up for destruction all materials returned to it.

F. Awarding Dr. Griswold:

1. Drexel's profits obtained as a result of Drexel's infringing conduct, including but not limited to all profits from sales, tuition, and/or other exploitation of the Registered Courses and any works or other materials, including courses, that include, copy, are derived from, or otherwise embody the Registered Courses and any other courses in which Dr. Griswold owns the copyright, in whole or in part, or in the Court's discretion, such amount as the Court finds to be just and proper;

2. damages sustained by Dr. Griswold as a result of Drexel's infringing conduct, in an amount to be proven at trial;

3. should Dr. Griswold so elect, maximum statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

4. Dr. Griswold's reasonable attorneys' fees and costs; and

5. Awarding Dr. Griswold interest, including pre-judgment and post-judgment interest, on the foregoing sums.

G. Any additional relief, either in law or equity, as the Court determines is just and equitable.

Dated: May 11, 2020

*/s/Nicole D. Galli*
Nicole D. Galli (PA Id. No. 78420)
LAW OFFICES OF N.D. GALLI LLC
2 Penn Center Plaza, Suite 910
1500 JFK Blvd
Philadelphia, PA 19102
Telephone: (215) 525-9580
Facsimile: (215) 525-9585
ndgalli@ndgallilaw.com

*Attorneys for Plaintiff Sharon Griswold*